UNITED STATES of America, Plaintiff–Appellee,

v.

Salvador PEREZ–CUEVAS, also known as Jose Gonzalez–Hernandez, Defendant–Appellant.

No. 05–41380.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

Salvador Perez–Cuevas (Perez) appeals from his guilty-plea conviction and sentence for being found in the United States after previous deportation. *See* 8 U.S.C. § 1326. Perez argues that the district court erred by imposing a 16–level adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for burglary of a habitation. As Perez concedes, his argument is foreclosed. *See United States v. Valdez–Maltos,* 443 F.3d 910, 911 (5th Cir.2006), *cert. denied,* 2006 WL 2094539 (U.S. Oct.2, 2006) (No. 06–5473); *United States v. Garcia–Mendez,* 420 F.3d 454, 455–57 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006).

Perez also challenges, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Perez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Perez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

precedent, but he raises it here to preserve it for further review.

AFFIRMED.